AMERICAN ROLLING MILL CO. et al. v. HASSELL et ux.

No. 15174.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 10, 1950.

Rehearing Denied Dec. 8, 1950.

Stone & Stone, of Jacksonville, for appellant.

Lewis & Chandler, of Jacksonville, for appellee.

HALL, Justice.

Appellees Frank E. Hassell et ux. sued appellant Sheffield Steel Corporation et al. in damages for the unlawful removal of peach trees, by said Corporation, from the surface of a portion of a tract of land described in an iron ore and mining lease to which appellants were assignees.

Appellants answered by way of denial and specially pleaded that their entry in and upon appellees' premises was legal and authorized by the provisions set out in their lease.

In answer to special issues submitted by the trial court, the jury found the following: (1) That P. M. Chamberlain, agent of the original lessee, represented to appellees that they would be paid for their peach trees; (2) that appellees believed they would be paid for their peach trees; (3) that appellees were induced to execute said lease on 188⅓ acres for iron and ore production because they believed they would be paid for their peach trees; (4) that defendants failed to deliver to appellees a copy of the assignments of the iron ore and mining lease; and (5) the actual value of appellees' peach trees was $1175.

Judgment for appellees was entered accordingly for said amount.

Appellants' points one, two, three and eight consist of questions pertaining to error of the trial court because there was insufficient evidence to support a verdict for damages under appellees' pleadings.

Appellants' sixth and seventh points are as follows:

"6. The error of the court in overruling Special Exceptions No. 2, 3, and 4 of the defendants' first amended original answer which point out that the allegations of damages in plaintiffs' pleadings and prayers were surplusage and did not represent nor pray for the correct measure of damages in a suit of this character involving damages to realty.

"7. The error of the court in submitting Special Issue No. 5 over the defendants' timely objection that the manner in which the issue was phrased did not submit the proper issue in a case involving the destruction of realty and said special objection to the submission of Issue No. 5 pointed out the proper measure of damages in a case of this kind and that that issue and answer thereto could not form the basis of a judgment."

We have studied appellees' pleadings and find their first amended original petition, on which they went to trial, discloses in the main a cause of action to reform a written instrument, to-wit, an iron ore and mining lease, upon fraud, accident or mutual mistake, executed by appellees to Chamberlain, L. B. and D. L. Haberle, on or about January 8, 1942. At least we find a provision in said lease which we think would entitle appellants to enter upon the land in question and to uproot peach trees (without a stipulation in the contract to the contrary), as follows: " * * * and with the right of Lessee to remove whatever may be situated in, on or under the surface, whenever necessary in carrying on any of the operations or activities mentioned in this paragraph; and the further rights to excavate and remove all surface and every-

thing located therein or thereon, overlaying the iron ore body, to flood the surface, to contaminate water if necessary in beneficiating; * * *."

Since appellees admit they executed the written contract for the purposes and consideration therein expressed and since their only complaint is that said instrument fails to contain an agreed provision which would entitle them to payment for value of the peach trees if the lessees uprooted same, but that said agreement was by mutual mistake or accident omitted from said instrument and/or left out by fraud of grantees without the knowledge of appellees, we find the case was tried upon an erroneous theory and same should have been tried upon the law of mutual mistake, accident or fraud, under the general rules laid down in 36 Tex.Jur., pp. 711–793, title, Reformation of Instruments, particularly see secs. 15 through 20.

Appellees introduced in evidence an instrument which was construed by the parties to be an option dated July 8, 1941, executed by appellees to R. C. Buckner, an alleged agent for some of the defendants, covering the same land, wherein, among other provisions, the following is stated: "excluding orchard until further arrangement." This, together with the testimony of appellees, clearly indicates to us the above thought, or a similar one, pertaining to the orchard might have been in the minds of the parties at the time said lease was executed but was omitted through mutual mistake, accident or fraud.

Since we find the case was tried upon the wrong theory and submitted, by the court, upon erroneous issues, we reverse and remand the case.